*605 OPINION.
Sternhagen:
1. The Commissioner admits the first error and hence the invested capital should not exclude for prior year’s tax more than $25,595.12, properly prorated. Russel Wheel & Foundry Co., 3 B. T. A. 1168.
2. The only evidence we have is to the effect that Foster borrowed some $80,000 and promised to pay it back. The corporation gave him the use of it with the full right to reclaim it. Foster, so far as the evidence shows, was solvent and able to pay the amount, and upon the strength of his promise as an account receivable the corporation, to some extent, secured credit at the bank. By its balance sheet it held out to third persons that Foster’s indebtedness was part of its assets, and Foster certified to this. We know of no authority for saying that Foster or the corporation could have contended for his or its own advantage that this belonged to Foster by way of dividend. Irrespective of whether Illinois law permitted such a dividend, we can not find any evidence that one was intended. When, in the future, either in the ordinary course or in final liquidation, Foster is relieved of the indebtedness, it will be necessary to consider whether he then realizes income. Meanwhile, what is for *606 all other purposes a loan is not to be construed as a dividend solely to support a tax. See Pictorial Review Co., 5 B. T. A. 416. Like other accounts receivable, the amount is within the petitioner’s invested capital, and the Commissioner’s determination is reversed. This makes the petitioner’s third assignment of error unnecessary to consider, as it was raised only in the event of an adverse decision of the second.
Judgment for the petitioner in accordance with this opinion will he entered on 15 days' notice, under Rule 50.